UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In the Matter of the Arbitration Between:

BEAR STEARNS & CO. INC., BEAR STEARNS
SECURITIES CORP., and RICHARD HARRITON

      Respondents-Petitioners,

v.

1109580 ONTARIO INC.

      Claimant-Respondent.

03 Civ. _____

**03 CV 9919**

**PETITION FOR AN ORDER
CONFIRMING
ARBITRATION AWARD**

    Pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. §9, Petitioners Bear, Stearns & Co. Inc., Bear Stearns Securities Corp., and Richard Harriton, (collectively, "the Petitioners") petition this Court for an Order confirming an arbitration award (the "Arbitration Award") dated December 11, 2003, in favor of the Petitioners made by the arbitrators of the NASD Regulation, Inc. Office of Dispute Resolution after a full hearing (the "NASD Arbitration"). A true copy of the Arbitration Award is attached as Exhibit "A". In support of their Petition, the Petitioners state as follows:

## PARTIES

  1.  Respondent Bear, Stearns & Co. Inc. ("Bear Stearns") is a registered broker-dealer having its principal place of business at 380 Madison Avenue, New York, New York.

2. Respondent, Bear Stearns Securities Corp. ("BSSC") is a registered broker-dealer having its principal place of business at One Metrotech Center North, Brooklyn, New York.

3. Richard Harriton ("Harriton") was the President of BSSC at the time that the events disputed in the NASD arbitration took place and is a resident of New York.

4. 1109580 Ontario Inc. ("Ontario") is a Canadian corporation with its principal place of business in Puslinch Ontario, Canada was a customer of the defunct brokerage firm A.R. Baron & Co., Inc., and an investor in its parent company Baron Group Inc.

5. Bear Stearns and BSSC are members of the National Association of Securities Dealers. Bear Stearns and BSSC were required to arbitrate Ontario's claim pursuant to written agreement between the parties and pursuant to Article VII, Sec. 1(a)(4) of the By-Laws of the NASD and NASD Rule 10301(a). BSSC was the clearing broker for A.R. Baron.

## JURISDICTION

6. This Court has subject matter jurisdiction because the NASD arbitration raised federal questions arising under Sections 10(b) and 20(a) of the Securities Exchange Act, 15 U.S.C. §§ 78 (j) (b); 15 U.S.C. §§ 78u-4 (b) (2); and Rule 10b-5 of the Securities Exchange Commission, 17 C.F.R. §240.10b-5. This Court also has jurisdiction pursuant to the Federal Arbitration Act, 9 U.S.C. §9. Jurisdiction further attains by virtue of diversity of citizenship and amount in controversy in excess of $75,000, exclusive of costs and interest, pursuant to 28 U.S.C. § 1332 (a) (2).

## VENUE

7. Venue is properly laid with the United States District Court for the Southern District of New York pursuant to the Federal Arbitration Act, 9 U.S.C. §9 and because Bear Stearns' principal place of business lies within the Southern District of New York.

## STATEMENT OF ALLEGATIONS COMMON TO ALL ARGUMENTS

8. The arbitration was commenced by Ontario filing its Statement of Claim with NASD Regulation on or about February 19, 1997 seeking an award of $22 million, plus interest, and punitive damages of $75 in connection with the clearing of trades for the former brokerage firm A.R. Baron. These pleadings named the Petitioner and Respondents in the NASD Arbitration.

9. The Petitioners filed a Motion to Dismiss and Answer to the Statement of Claim on or about June 13, 1997.

10. Hearings in the arbitration commenced in Detroit, Michigan on January 10, 2002 pursuant to notice in accordance with NASD Rules. Additional hearings were held in Detroit on January 11th, 14th, 15th 2002, July 18th, 19th 2002, August 8th, 9th, 12th, 13th 2002 May 30th 2003, September 23rd, 25th, 29th, 2003. All parties attended these hearings and were represented by counsel.

11. On or about June 10, 2003 Claimant rested its case prior to proving liability or damages.

12. On or about July 31, 2003 Respondents made a motion for an award or judgment in their favor at the conclusion of Claimant's case, which was fully briefed and argued before the Panel.

- 3 -

160485_1.DOC/

13.    On or about December 11, 2003 Chairman John F. Burns and arbitrators Brace K. Case and Dana R. Dawe ("the Panel") unanimously issued an Award which denied and dismissed with prejudice, each and all of Ontario's claims for compensatory and punitive damages. The Panel further ordered that the parties bear their respective costs and attorneys fees, except as previously ordered, and set forth the amount of forum-related fees due from each party.

WHEREFORE, Petitioners request that this Court confirm the NASD Award dated December 11, 2003, and grant such other and further relief as this Court may deem just and necessary.

Dated: New York, New York
       December 12, 2003

Respectfully submitted,

Harold J. Ruvoldt, (HR 6556)
Cathy Fleming (CF 2682)
Savitha Keesari Masson, (SM 3036)
Attorneys for Respondents-Petitioners
EDWARDS & ANGELL, LLP
New York, NY 10022
Tel: (212) 308-4411
Fax:(212) 308-4844

To:    Stuart L. Melnick, Esq.
       Attorney for Claimant-Respondent
       100 Park Avenue, 33rd Floor
       New York, NY 10017

## AWARD
### NASD Dispute Resolution

In the Matter of the Arbitration Between

Name of Claimant

110958 Ontario, Inc.

and

Names of Respondents

Bear Stearns & Co., Inc.
Bear Stearns Securities Corp.
Alan C. Greenberg, Richard Harriton,
and Marshall J. Levinson

Case Number: 97-00881
Hearing Site: Troy, Michigan

## NATURE OF CASE

Customer v. Member Firms and Associated Persons

## REPRESENTATION OF PARTIES

110958 Ontario, Inc. ("Claimant") was represented by Stuart L. Melnick, Esq., and Kumo Aratchi, Esq., Law Offices of Stuart Melnick, Esq., New York, New York, and James A. Robb, Esq., Stikeman Elliott, Montreal, Quebec, Canada. Claimant was represented by David Jarvis, Esq., and Aegis Frumento, Esq., of Singer Zamansky LLP, New York, New York until on or about August 21, 1998.

Bear Stearns & Co., Inc. ("BS & Co."), Bear Stearns Securities Corp. ("BSSC"), Alan C. Greenberg ("Greenberg"), Richard Harriton ("Harriton"), and Marshall J. Levinson ("Levinson"), hereinafter referred to as "Respondents" were represented by Harold J. Ruvoldt, Esq., Cathy Fleming, Esq., and Jordana Serebrenik, Esq., Edwards & Angell, LLP, New York, New York. BS & Co. and BSSC are collectively referred to as Bear Stearns.

## CASE INFORMATION

The Statement of Claim was filed on or about February 19, 1997. The Submission Agreement of Claimant 110958 Ontario, Inc. was signed on or about March 25, 1997, by Colwyn Rich, its President.

Statement of Answer, Motion to Dismiss, and Affidavit in Support of Motion was filed jointly by all Respondents on or about June 13, 1997. Respondents submitted various supplemental filings in support of their Motion.

NASD Dispute Resolution
Arbitration No. 97-00881
Award    Page 2 of 9

Respondents filed a Motion to Change Venue on or about June 13, 1997. Claimant filed a Response to Motion on or about September 17, 1997.

Claimant filed a Memorandum in Opposition to Respondents' Motion to Dismiss on or about September 8, 1998. Claimant submitted various supplemental filings in opposition to the Motion.

Respondents filed their Emergency Motion to Compel on or about June 29, 2001. Claimant filed Responses on or about June 26, and July 6, 2001.

On or about June 25, 2002, Claimant filed its Motion for Contempt.

Claimant filed Motion in Limine No. 1 on or about January 6, 2002. Respondents filed their Response on or about February 8, 2002. Claimant filed a Supplemental Brief to its Motion on about May 14, 2002. Respondents filed an Opposition to Claimant's Supplemental Brief on its Motion No. 1 in Limine on or about June 14, 2002. Claimant filed a Sur Reply on or about June 15, 2002.

Claimant's Motion in Limine No. 2 was filed on or about June 17, 2002. Responses were filed and arguments were heard at hearing.

Claimant filed Motion in Limine No. 3 on or about September 17, 2002. Respondents filed their Reponse to Motion on or about April 10, 2003. Claimant filed its Reply to Respondents' Response to Motion on or about April 18, 2003.

On or about September 23, 2002, Claimant orally requested that the Arbitration be dismissed with the parties being referred to their judicial remedies.

Claimant filed a Motion to Preclude on or about April 16, 2003. Respondents filed an Opposition to Motion on or about May 2, 2003. Claimant filed a Reply Memorandum in Further Support of Motion and Affidavits on or about May 8, 2003. Respondent filed a Sur Reply Memorandum in Further Opposition to Claimant's Motion to Preclude on or about May 21, 2003.

Respondents filed a Motion to Compel the De Bene Esse Deposition of Len Holubowich on or about May 21, 2003. Claimant filed a Response to Motion on or about May 27, 2003. Respondents filed a Reply to Response to Motion on or about May 28, 2003. Claimant filed a Response to Reply on or about May 28, 2003.

In its correspondence of on or about May 27, 2003, Claimant requested that its claims against Respondents Alan C. Greenberg and Marshall J. Levinson be dismissed with prejudice and that its claims against Richard Harriton be dismissed without prejudice. Respondents submitted a Response to Claimant's correspondence on or about May 28, 2003. In its correspondence of on or about May 30, 2003, Claimant requested the Panel's consent to its May 27, 2003, requests.

Respondents filed seven (7) Motions for Sanctions. Claimant filed Responses and a Cross-Motion for Sanctions on or about July 24, 2003.

Respondent filed a Motion for Award and Exhibits on or about July 31, 2003. Claimant filed a Memorandum in Opposition to Respondents' Motion and Exhibits on or about September 12, 2003. Respondents filed a Memorandum and Appendices in Further Support of its Motion on or about September 24, 2003.

## CASE SUMMARY

Claimant asserted the following causes of action: control person liability; securities and common law fraud, aiding and abetting common law fraud and conversion, breach of contract, and negligence. Claimant asserted that it was a customer of A R. Baron & Co. ("ARB"), lender to ARB, and investor in The Baron Group ("BGI") and suffered losses in these three capacities. Claimant alleged that Bear Stearns acted as a clearing broker for ARB, and in accordance with the NYSE Rules and Bear Stearns' own clearing agreement, Respondents knew or should have known that ARB was in regular capital deficiency, that ARB was manipulating stocks, charging excessive mark-ups, engaging in unauthorized trading and parking of securities, and issuing forged and fictitious Bear Stearns confirmations in furtherance of its frauds. Claimants asserted that despite this knowledge, Bear Stearns continued to clear for, fund and extend credit to ARB, which allowed ARB to continue to operate during the time Claimant was defrauded.

Unless specifically admitted in their Answer, Respondents denied the allegations made in the Statement of Claim and asserted affirmative defenses including the following: the allegations of the Claim fail to state a cause of action against Respondents; Claimant's failure to investigate and/or it failure to acknowledge warnings regarding ARB and BGI's poor financial conditions amounts to culpable conduct which precludes any claim against Respondents by Claimant; Claimant has waived any basis for a claim against Respondents and is estopped from the assertion thereof by virtue of its conduct; Claimant has failed to follow the terms of the Customer Agreement, which required Claimant to notify Bear Stearns in writing of any objections to transactions in its account; by failing to notify Bear Stearns in accordance with the terms of the Customer Agreement, Claimant ratified the alleged unauthorized purchases and trades and is now barred from making any claim therefor; New York Uniform Commercial Code §8-319 precludes any recovery by Claimant because Claimant failed to timely object to any transactions in its account; Bear Stearns has no duty to Claimant and therefore should be dismissed; and Claimant's own conduct caused the losses of which it complains.

## RELIEF REQUESTED

Claimant requested an award in the amount of $22 million, plus interest, punitive damages of $75 million, costs, fees, including attorney fees, and such other relief the Panel deemed necessary to make the Claimant whole.

Respondents requested that the claims asserted against them be dismissed in their entirety and that they be awarded costs, attorneys' fees and such other, further, and different relief as the Panel deemed just and proper.

## OTHER ISSUES CONSIDERED & DECIDED

Respondents Bear Stearns & Co., Inc. Bear Stearns Securities Corp. Alan C. Greenberg, Richard Harriton, and Marshall J. Levinson did not file with the NASD Dispute Resolution properly executed submissions to arbitration but are required to submit to arbitration pursuant to Rule 10301 of the NASD Code of Arbitration Procedure (the "Code") and having answered the claim and appeared at the hearing by counsel are bound by the determination of the arbitration panel on all issues submitted.

The parties accepted the composition of the Panel.

The Panel denied Respondents' Motion to Change Venue on or about October 2, 1997.

This matter was stayed pursuant to an Order entered by the Honorable Edward J. McLaughlin of the Supreme Court of the State of New York. The stay was lifted on or about November 4, 1999.

In its Order entered on January 10, 2000, the Panel denied Respondents' Motion to Dismiss.

At the request of the parties, the Panel allowed the parties to appear by videoconference for the majority of the hearings in this matter. The Panel ordered all costs for this service to be arranged and paid for by the parties.

In its Order entered on June 28, 2002, Claimant's Motion in Limine No. 1 was granted in part and denied in part by the Panel.

In its Order entered on June 28, 2002, the Panel denied Claimant's Motion for Contempt. The Panel ordered Respondents to provide Claimant with schedules to income tax returns and granted Claimant its costs and attorney fees. The Panel denied Claimant's request for sanctions associated with production.

Claimant's Motion in Limine No. 2 was denied at hearing.

Claimant filed a Complaint in United States District Court, Southern District of New York on or about September 19, 2002, and an Amended Complaint on or about October 10, 2002. Claimant sought to have this matter removed form arbitration to a court of competent jurisdiction along with other relief requests. On or about March 6, 2003, Claimant requested that the matter be put back on the hearing calendar.

In its Order entered on June 3, 2003, the Panel denied Claimant's Motion to Preclude, denied without prejudice Claimant's Motion in Limine No. 3 and denied Respondents' Motion to Compel the Deposition of Len Holubowich de bene esse.

In its Order entered on June 20, 2003, the Panel granted Claimant's request to withdraw claims against Respondents Alan C. Greenberg and Marshall J. Levinson, and denied

Respondents' request for costs. The Panel further denied Claimants request to withdraw the claim against Richard Harriton without prejudice.

The parties made various motions and requests, both orally and written, throughout the arbitration. Some, but not all, of these relief requests and responses thereto are noted within. Any requests and motions not previously ruled on are hereby denied with prejudice.

Claimant filed seven (7) motions for sanctions. Respondents filed oppositions. Respondents filed various motions and requests for sanctions. Claimant filed oppositions. The Panel considered all motions, requests, arguments, and correspondence regarding sanctions and took them under advisement.

Claimant rested its case after presenting two witnesses and documentary evidence. It is not possible to make detailed findings of fact on the record before the Panel.

Claimant has failed to carry its burden of proof on the claims alleged, and has adduced no evidence on damages.

The parties have agreed that the Award in this matter may be executed in counterpart copies or that a handwritten, signed Award may be entered. In either case, the parties have agreed to receive conformed copies of the award while the original(s) remain on file with NASD Dispute Resolution ("NASD").

## AWARD

After considering the pleadings, the testimony, and the evidence presented at the hearing, the undersigned arbitrators have decided in full and final resolution of the issues submitted for determination as follows:

1.) Claimant's claims, each and all, are denied and dismissed with prejudice;

2.) Respondents' Motions for Costs and Attorney Fees, and Respondents' Motions for Sanctions are denied with prejudice;

3.) Other than those previously granted in writing, Claimant's Motions and Requests for Costs, Attorney Fees and Sanctions are denied with prejudice;

4.) Other than Forum Fees which are specified below, and the costs and attorney fees awarded to Claimant in the Panel's Order entered on June 28, 2002, the parties shall each bear their own costs and expenses incurred in this matter; and

5.) That any relief not specifically enumerated, including punitive damages, sanctions, contempt, and attorney fees, is hereby denied with prejudice.

## FEES

Pursuant to the Code, the following fees are assessed:

NASD Dispute Resolution
Arbitration No. 97-00681
Award    Page 6 of 9

### Filing Fees

NASD Dispute Resolution will retain or collect the non-refundable filing fees for each claim:

| | |
|---|---|
| Initial claim filing fee | = $ 300.00 |

### Member Fees

Member fees are assessed to each member firm that is a party in these proceedings or to the member firms that employed the associated persons at the time of the events giving rise to the dispute. In this matter, the member firms are Bear Stearns & Co., Inc. and Bear Stearns Securities Corp.

| | |
|---|---|
| Member surcharge | = $ 500.00 |

### Adjournment Fees

Adjournments requested during these proceedings:

| | |
|---|---|
| February 5-6, 1998, adjournment by Claimant | = $ 1,500.00 |
| October 15-16, 2001, adjournment by Respondents | = $ 1,500.00 |
| November 1-2, 2001, adjournment by Panel (fee waived) | = $ 1,000.00 |
| June 12-13, 17-18, 21, 2002, adjournment by Respondents | = $ 1,500.00 |
| August 7, 2002, adjournment by Respondents | = $ 1,500.00 |
| September 26,30, 2002, adjournment ordered by Panel (fee waived) | = $ 1,500.00 |
| December 9-12, 16-18, 2002, adjournment ordered by Panel (fee waived) | = $ 1,500.00 |
| May 21-23, 2003, adjournment by Claimant | = $ 1,500.00 |

### Forum Fees and Assessments

The Arbitration Panel assesses forum fees for each hearing session conducted. A hearing session is any meeting between the parties and the arbitrator(s), including a pre-hearing conference with the arbitrator(s), that lasts four (4) hours or less. Fees associated with these proceedings are:

| | | | |
|---|---|---|---|
| Seven (7) Pre-hearing sessions with a single arbitrator x $300.00 | | | = $ 2,100.00 |
| Pre-hearing conferences: | October 2, 1998 | 1 session | |
| | November 17, 1998 | 1 session | |
| | July 19, 2000 | 1 session | |
| | October 27, 2001 | 1 session | |
| | December 13, 2001 | 1 session | |
| | December 27, 2001 | 1 session | |
| | February 26, 2002 | 1 session | |

NASD Dispute Resolution
Arbitration No. 97-00881
Award    Page 7 of 9

| | | | |
|---|---|---|---|
| Eleven (11) Pre-hearing session with Panel x $1,500.00 | | | = $16,500.00 |
| Pre-hearing conferences: | June 26, 2000 | 1 session | |
| | February 13, 2001 | 1 session | |
| | July 19, 2001 | 1 session | |
| | January 21, 2002 | 1 session | |
| | March 1, 2002 | 1 session | |
| | May 10, 2002 | 1 session | |
| | May 23, 2002 | 1 session | |
| | June 27, 2002 | 1 session | |
| | March 24, 2003 | 1 session | |
| | April 21, 2003 | 1 session | |
| | June 17, 2003 | 1 session | |
| | | | |
| Twenty-Six (26) Hearing sessions x $1,500.00 | | | = $39,000.00 |
| Hearing Dates: | January 10, 2002 | 2 sessions | |
| | January 11, 2002 | 2 sessions | |
| | January 14, 2002 | 2 sessions | |
| | January 15, 2002 | 2 sessions | |
| | July 18, 2002 | 2 sessions | |
| | July 19, 2002 | 2 sessions | |
| | August 8, 2002 | 2 sessions | |
| | August 9, 2002 | 2 sessions | |
| | August 12, 2002 | 2 sessions | |
| | August 13, 2002 | 2 sessions | |
| | May 30, 2003 | 1 session | |
| | September 23, 2003 | 2 sessions | |
| | September 25, 2003 | 1 session | |
| | September 29, 2003 | 2 sessions | |

Total Forum Fees                                                                                     = $57,600.00

The Arbitration Panel has assessed $28,800.00 of the forum fees to 110958 Ontario, Inc.

The Arbitration Panel has assessed $28,800.00 of the forum fees jointly and severally to Bear Stearns & Co., Inc. Bear Stearns Securities Corp. Alan C. Greenberg, Richard Harriton, and Marshall J. Levinson.

## Administrative Costs

Administrative costs are expenses incurred due to a request by a party for special services including, but not limited to, additional copies of arbitrator awards beyond those provided without charge, copies of audio transcripts, retrieval of documents from archives, interpreters, and security.

Claimant required copies   =   $75.00

NASD Dispute Resolution
Arbitration No. 97-00881
Award    Page 8 of 9

## Fee Summary

Claimant, 110958 Ontario, Inc., is liable for:

| | |
|---|---|
| Initial Filing Fee | = $ 300.00 |
| Adjournment Fee | = $ 3,000.00 |
| Administrative Costs | = $ 75.00 |
| Forum Fees | = $ 28,800.00 |
| Total Fees | = $ 32,175.00 |
| Less payments | = $ 1,800.00 |
| Balance Due NASD Dispute Resolution | = $ 30,375.00 |

Respondent, Bear Stearns & Co., Inc., is liable for:

| | |
|---|---|
| Member Fees | = $ 500.00 |
| Total Fees | = $ 500.00 |
| Less payments | = $ 500.00 |
| Balance Due NASD Dispute Resolution | = $ 0.00 |

Respondent, Bear Stearns Securities Corp., is liable for:

| | |
|---|---|
| Member Fees | = $ 500.00 |
| Total Fees | = $ 500.00 |
| Less payments | = $ 0.00 |
| Balance Due NASD Dispute Resolution | = $ 500.00 |

Respondents, Bear Stearns & Co., Inc. Bear Stearns Securities Corp. Alan C. Greenberg, Richard Harriton, and Marshall J. Levinson, are jointly and severally liable for:

| | |
|---|---|
| Adjournment Fees | = $ 4,500.00 |
| Forum Fees | = $ 28,800.00 |
| Total Fees | = $ 33,300.00 |
| Less payments | = $ 500.00 |
| Balance Due NASD Dispute Resolution | = $ 32,800.00 |

All balances are payable to NASD Dispute Resolution and are due upon receipt pursuant to Rule 10330(g) of the Code.

NASD Dispute Resolution
Arbitration No. 97-00881
Award    Page 9 of 9

## ARBITRATION PANEL

John F. Burns, Esq. - Public Arbitrator, Presiding Chair
Brace K. Case, Esq. – Non-Public Arbitrator
Dana R. Dawe - Non-Public Arbitrator

Concurring Arbitrators:

/s/ John F. Burns, Esq.                                    12/11/03
John F. Burns, Esq.                                    Signature Date
Public Arbitrator, Presiding Chair

/s/ Brace K. Case, Esq.                                    12/11/03
Brace K. Case, Esq.                                    Signature Date
Non-Public Arbitrator

/s/ Dana R. Dawe                                            12/11/03
Dana R. Dawe                                          Signature Date
Non-Public Arbitrator

_____12/11/03_____
Date of Service  (For NASD office use only)

NASD Dispute Resolution
Arbitration No. 97-00881
Award   Page 9 of 9

## ARBITRATION PANEL

John F. Burns, Esq. - Public Arbitrator, Presiding Chair
Brace K. Case, Esq. – Non-Public Arbitrator
Dana R. Dawe - Non-Public Arbitrator

Concurring Arbitrators:

*/s/ John F. Burns/*  December 11, 2003
John F. Burns, Esq.  Signature Date
Public Arbitrator, Presiding Chair

_____  Signature Date
Brace K. Case, Esq.
Non-Public Arbitrator

_____  Signature Date
Dana R. Dawe
Non-Public Arbitrator

_____
Date of Service  (For NASD office use only)

NASD Dispute Resolution
Arbitration No. 97-00481
Award     Page 9 of 9

## ARBITRATION PANEL

John F. Burns, Esq. - Public Arbitrator, Presiding Chair
Brace K. Case, Esq. — Non-Public Arbitrator
Dana R. Dawe - Non-Public Arbitrator

Concurring Arbitrators:

_____          _____
John F. Burns, Esq.                 Signature Date
Public Arbitrator, Presiding Chair

_/s/_____          _12/11/03_____
Brace K. Case, Esq.                 Signature Date
Non-Public Arbitrator

_____          _____
Dana R. Dawe                        Signature Date
Non-Public Arbitrator

_____
Date of Service  (For NASD office use only)

NASD Dispute Resolution
Arbitration No. 97-00861
Award    Page 9 of 9

## ARBITRATION PANEL

John F. Burns, Esq. - Public Arbitrator, Presiding Chair
Brace K. Case, Esq. – Non-Public Arbitrator
Dana R. Dawe – Non-Public Arbitrator

Concurring Arbitrators:

_____
John F. Burns, Esq.
Public Arbitrator, Presiding Chair

_____
Signature Date

_____
Brace K. Case, Esq.
Non-Public Arbitrator

_____
Signature Date

_____
Dana R. Dawe
Non-Public Arbitrator

*12-11-03*
Signature Date

_____
Date of Service  (For NASD office use only)